*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMUAL BOHANNON,

        Defendant-Appellant.

UNPUBLISHED
April 10, 2026
2:27 PM

No. 368502
Wayne Circuit Court
LC No. 22-002062-01-FC

AFTER REMAND

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

This appeal returns to us following our remand to the trial court to settle the record.[1] Defendant was convicted by a jury of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(e) (sexual penetration of victim between 16 and 18 years old and student where defendant worked), and was sentenced to 30 to 180 months' imprisonment.[2] On appeal, he raises challenges to both his conviction and his sentence. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's conviction arose from a sexual relationship with the victim, which began sometime in May 2012 when the victim was 16 years old. At trial, the victim testified that he was 15 years old when he first met defendant, who was 37 years old at the time; the victim had transferred to a new school and joined its track team, and defendant was the head coach of the

---

[1] *People v Bohannon*, unpublished order of the Court of Appeals, entered September 12, 2025 (Docket No. 368502).

[2] The jury acquitted defendant of one count of CSC-I, MCL 750.520b(1)(b) (sexual penetration of victim between 13 and 16 years old and student where defendant worked).

team. Shortly after the two met, defendant made advances toward the victim and invited him over to "hang out" after track practice. The victim agreed and, while the two were together at defendant's home, defendant began touching the victim and eventually had sex with him. According to the victim, this was the start of their sexual relationship, which continued throughout the remainder of the victim's time in high school and a few months thereafter. The victim turned 18 years old in May 2014 and, in November 2014, he formally ended his relationship with defendant, although the two remained friendly and would still occasionally have sex during the ensuing six or seven years.[3] The victim eventually reported his sexual relationship with defendant to the police in June 2021, after a heated argument between himself and defendant escalated into a physical altercation.

Defendant was convicted and sentenced as described. Relevant to this appeal, the trial court assessed 10 points for offense variable (OV) 4 and 15 points for OV 10. Defendant raised challenges to the scoring of both, which the trial court denied.

Defendant appealed his conviction and sentence, challenging, among other things, the trial court's failure to swear in the jury. *People v Bohannon*, unpublished per curiam opinion of the Court of Appeals, issued July 30, 2025 (Docket No. 368502). Based on the record then before us, a majority of this panel concluded that defendant was entitled to relief on that claim of error and correspondingly reversed and remanded for a new trial, declining to reach defendant's other challenges. *Id*. at 3-6.

Two weeks after the opinion was released, the prosecution—which, as an apparent result of an erroneous service of appellate documents,[4] had not filed a brief in response to defendant's appellate brief—moved for reconsideration, informing us for the first time that a relevant portion of the trial proceedings had not been properly recorded and was therefore missing from the trial transcript. The prosecution also provided for the first time on appeal a copy of a case information

---

[3] The trial court, over defendant's objection, admitted much of the victim's testimony regarding the entirety of his sexual relationship with defendant as other-acts evidence. Prior to trial, the prosecution filed a notice of its intent to admit evidence of defendant's other, uncharged acts of sexual conduct with the victim—both while the victim was a minor and after he turned 18 years old. According to the prosecution, this evidence would provide necessary context to the jury and rebut any claims of fabrication. Defendant objected to the other-acts evidence as unfairly prejudicial, arguing that it was an attempt to "pile on" and would introduce extraneous considerations to the jury. Following a hearing on the matter, the trial court concluded that the other-acts evidence was not unfairly prejudicial and could be admitted at trial.

[4] Although defendant was tried by jury in Wayne County, the Wayne County Prosecutor was disqualified from involvement in the matter due to a conflict of interest, and a special prosecutor from the Oakland County Prosecutor's Office was appointed to handle the case. This special prosecutor was still assigned to the case at the time that defendant appealed, but the documents related to defendant's appeal were inadvertently served on the Wayne County Prosecutor's Office. For reasons unknown, the Wayne County Prosecutor's Office did not forward those documents to the Oakland County Prosecutor's Office or otherwise notify that office of those documents until two weeks after this Court issued its initial decision in this matter.

cover sheet it found in records from Wayne County, which, according to the prosecution, indicated that the jury had been sworn in before defendant's trial had begun.

In light of this new information, we granted the prosecution's motion for reconsideration, vacated our prior opinion, and remanded to the trial court "for further proceedings to settle the record regarding whether the jury was properly sworn by the trial court." *People v Bohannon*, unpublished order of the Court of Appeals, entered September 12, 2025 (Docket No. 368502). We retained jurisdiction and provided that, upon completion of the remand proceedings, we would "review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal." *Id*.

The trial court held a hearing to settle the record in October 2025. The court determined, based on its review of a video recording of the trial proceedings, that the jury had been properly sworn in at 11:37 a.m. and that the relevant trial transcript had erroneously omitted this information, stating instead that the court was in recess from 11:35 a.m. to 1:39 p.m. The transcript of this hearing was then filed with this Court, and the interlocutory remand concluded in December 2025. With the benefit of a more complete record, we now address defendant's claims of error on appeal.

## II. PROPERLY SWORN JURY

First, we revisit defendant's claim that he is entitled to a new trial because the trial court failed to properly swear in the jury at the outset of his trial. As discussed, the proceedings on remand revealed that this challenge was based on an error in the original trial transcript, and the now-settled record makes clear that the jury was, in fact, properly sworn in at the start of trial. Defendant has offered nothing to the contrary. Accordingly, defendant has not demonstrated entitlement to relief on this basis.

## III. OTHER-ACTS EVIDENCE

Defendant next challenges his conviction on the basis that the trial court, over his objection, improperly admitted other-acts evidence. "The trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but preliminary legal determinations of admissibility are reviewed de novo[.]" *People v Lowrey*, 342 Mich App 99, 108; 993 NW2d 62 (2022). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v McBurrows*, 322 Mich App 404, 411; 913 NW2d 342 (2017) (quotation marks and citation omitted). "[I]t is necessarily an abuse of discretion to admit legally inadmissible evidence." *Lowrey*, 342 Mich App at 108. A preserved, nonconstitutional error in the admission or exclusion of evidence does not warrant reversal "unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999) (quotation marks and citation omitted).

As noted, at trial, the prosecution was permitted to introduce evidence of other, uncharged sexual encounters between defendant and the victim—both that occurred while the victim was a minor in high school, and that occurred after the victim turned 18 years old. On appeal, defendant only challenges the latter category, arguing that such evidence should have been excluded under

MRE 403 because it "was highly inflammatory and lacked any probative value as to the charges." Defendant does not particularly explain why this may have been so, beyond averring in conclusory fashion that "the prejudicial effect of the evidence was clear throughout the course of [the victim]'s testimony." The mere fact that the evidence was prejudicial to defendant, however, did not make it unfairly so. See *People v Murphy (On Remand)*, 282 Mich App 571, 582-583; 766 NW2d 303 (2009). Evidence is unfairly prejudicial "only where either a probability exists that evidence which is minimally damaging in logic will be weighed by the jurors substantially out of proportion to its logically damaging effect, or it would be inequitable to allow the proponent of the evidence to use it." *Id*. at 583 (quotation marks and citations omitted). Defendant has offered nothing meaningful, legally or factually, to show how this standard has been met here. See *People v Burkett*, 337 Mich App 631, 639 n 4; 976 NW2d 864 (2021) (emphasizing that a party may not simply announce his position and expect this Court "to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position") (quotation marks and citation omitted).[5]

Nor is any such unfair prejudice apparent from the record. As the trial court recognized, the prosecution offered the challenged evidence to demonstrate the full breadth and nature of the longstanding relationship between defendant and the victim, which provided highly relevant context for the charged offenses and was probative of the victim's credibility. See *People v Sholl*, 453 Mich 730, 741-742; 556 NW2d 851 (1996) (holding that other-acts evidence may be admitted "to give the jury an intelligible presentation of the full context in which disputed events took place" because "the jury is entitled to hear the 'complete story' ") (quotation marks and citations omitted); *People v Dobek*, 274 Mich App 58, 89-90; 732 NW2d 546 (2007) (holding that the trial court did not err by "allowing other-acts evidence concerning sexual acts between [the] defendant and the

---

[5] Defendant's most substantive argument is that the trial court erred by admitting the challenged evidence because, in so ruling, the court "failed to fully consider" each of the factors set forth in *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012). At the outset, we note that defendant appears to base this argument on the belief that the challenged evidence—like the evidence at issue in *Watkins*—fell within the scope of MCL 768.27a. This is incorrect. While that statute covered the other-acts evidence regarding defendant's sexual conduct with the victim as a minor, the same is not true for the evidence of such conduct with the victim as an adult, whose admissibility was instead governed by MRE 404(b). See MCL 768.27a(1) (defining circumstances under which "evidence that the defendant committed another listed offense against a minor is admissible"); see also *People v Propp*, 508 Mich 374, 384; 976 NW2d 1 (2021) (recognizing that "MCL 768.27a . . . addresses the admissibility of evidence of other acts when both the other acts and the current act involve a listed offense against a minor"). Defendant does not argue that MRE 404(b) or MCL 768.27a, in themselves, barred the admission of any of the other-acts evidence presented in this case, nor do we see colorable grounds for any such argument. Nor does defendant address the applicability of *Watkins* to evidence that does not fall within the scope of MCL 768.27a. In any event, while defendant chides the trial court for not specifically addressing each *Watkins* factor in its MRE 403 analysis, he makes no effort to do so himself, and we do not see how application of the "illustrative" considerations identified in *Watkins*, 491 Mich at 488, would at all support excluding the other-acts evidence challenged in this case. Rather, as discussed *infra*, we see no basis under MRE 403 for such a ruling.

-4-

victim" because that evidence, in relevant part, "would explain and give some context to . . . the relationship between the [two], would show familiarity, and would lend support to the victim's credibility"). Furthermore, once the victim turned 18 years old and legally became an adult, he was permitted to have a consensual relationship with defendant. We do not see how evidence of that aspect of defendant's sexual relationship with the victim was, in itself, "inflammatory," nor do we see how its probative value could have been substantially outweighed by any potential unfair prejudice from it. See MRE 403; *People v Galloway*, 335 Mich App 629, 646; 967 NW2d 908 (2020). Defendant has failed to show entitlement to relief on this basis.

## IV. *BRADY* VIOLATION

Defendant also argues, in his supplemental Standard 4 brief,[6] that he is entitled to a new trial because the prosecution violated *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963)—and therefore violated his due-process right to a fair trial—by willfully suppressing potentially exculpatory evidence. Because defendant failed to move for a new trial or for relief from judgment in the trial court, this issue is unpreserved and thus reviewed for plain error affecting substantial rights. See *People v Burger*, 331 Mich App 504, 516; 953 NW2d 424 (2020). To obtain appellate relief under the plain-error standard, the defendant must show: (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected substantial rights. *Id*. To satisfy the third element, the defendant generally must show that the error affected the outcome of the lower court proceedings. *Id*. And even when these three requirements are met, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

In *Brady*, 373 US at 87, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." "When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule." *Giglio v United States*, 405 US 150, 154; 92 S Ct 763; 31 L Ed 2d 104 (1972) (quotation marks and citation omitted). "To establish a *Brady* violation, a defendant must establish that '(1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) that is material.' " *Burger*, 331 Mich App at 517, quoting *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014).

As noted, defendant asserts that the prosecution committed a *Brady* violation by willfully suppressing potentially exculpatory evidence. According to defendant, the prosecution introduced as evidence at trial messages between himself and the victim from November 26, 2017, at 9:16 p.m. and 11:43 p.m., but intentionally withheld messages between the two from the dates immediately before and after. Defendant maintains that, had the prosecution presented all of the messages between himself and the victim from November 25 through November 27, 2017, they

---

[6] In addition to filing an appellate brief with the assistance of counsel, defendant filed a supplemental Standard 4 brief pursuant to Michigan Supreme Court Administrative Order No. 2004-6, 471 Mich c, cii (2004).

would have revealed to the jury that the dates the prosecution attributed to the messages it presented to the jury "ha[d] been fabricated to fit the [victim's] time line [sic]."

Beyond pointing to the nonchronological ordering of certain messages on a printed document, defendant has offered nothing to substantiate his accusation that the prosecution altered or fabricated the dates attributed to those messages. Nor has defendant explained how the prosecution could be said to have suppressed evidence in this case simply by presenting some messages to the jury but not others. See *Burkett*, 337 Mich App at 639 n 4. Furthermore, it is clear from the record before us that once the prosecution received a copy of all the available messages—including those from November 25 through November 27, 2017—it provided them to the defense; defense counsel confirmed as much during pretrial hearings and thereafter requested additional time to prepare for trial so that counsel could have adequate opportunity to review, and consult with defendant about, what she had received. See *People v Dimambro*, 318 Mich App 204, 213; 897 NW2d 233 (2016) (noting that the prosecution has "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police," but that "due process does not generally require the prosecution to seek and find exculpatory evidence or to search for evidence that will support a defendant's case") (quotation marks and citations omitted). There is nothing in the record to suggest that the defense, despite having a copy of all the same messages as the prosecution, was somehow prevented from introducing messages other than those selected by the prosecution as evidence at trial, or that the prosecution impermissibly suppressed any information or evidence with respect to those messages. Accordingly, defendant has failed to demonstrate entitlement to relief on this basis.[7]

## V. OV SCORING

Finally, defendant argues that he is entitled to resentencing because the trial court erroneously scored OVs 4 and 10. We disagree.

---

[7] Defendant also makes a passing argument on the same general basis regarding an Apple AirTag belonging to the victim. According to defendant, that AirTag was, unbeknownst to him, placed in his car, and "[s]earch warrant information" regarding that AirTag was submitted to the prosecution but not disclosed to the defense. This claim is clearly belied by the record. Defendant admits that it was he who first discovered the device in his car and turned it over to police for further investigation. Additionally, all relevant information regarding the AirTag was raised and discussed *by defense counsel* during cross examination of the detective who investigated it. There is nothing in the record to suggest that the prosecution impermissibly suppressed any evidence in this regard.

We also note that, to the extent that defendant raises unpreserved prosecutorial-misconduct claims based on the same alleged *Brady* violations already discussed, we conclude that they fail for the same fundamental reasons. See *People v Bennett*, 290 Mich App 465, 475-476; 802 NW2d 627 (2010); see also *People v Loew*, 340 Mich App 100, 125-129; 985 NW2d 255 (2022).

## A. STANDARDS OF REVIEW

We review a trial court's factual findings under the sentencing guidelines for clear error and review de novo whether those factual findings "are adequate to satisfy the scoring conditions prescribed by statute[.]" *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A trial court's findings of fact are clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake." *People v Carlson*, 332 Mich App 663, 666; 958 NW2d 278 (2020). The trial court's factual findings "must be supported by a preponderance of the evidence," *Hardy*, 494 Mich at 438, which "means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth," *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008). "When calculating sentencing guidelines, the trial court may consider all record evidence, including the presentence investigation report (PSIR), plea admissions, and testimony," and it may rely on all reasonable inferences therefrom. *People v Montague*, 338 Mich App 29, 55; 979 NW2d 406 (2021).

## B. OV 4

OV 4 is scored for the "psychological injury to a victim." MCL 777.34(1). A sentencing court must assess 10 points for OV 4 "if the serious psychological injury *may* require professional treatment." MCL 777.34(2) (emphasis added). "Although the trial court may consider evidence that the victim sought professional treatment, whether the victim actually sought treatment 'is not conclusive.' " *People v Haynes*, 338 Mich App 392, 436; 980 NW2d 66 (2021), quoting MCL 777.34(2). For instance, "[t]he trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014).

In this case, the prosecution stated at the sentencing hearing that during multiple prior conversations, the victim reported that he was planning on seeking psychological treatment "as soon as this [case] [wa]s . . . all said and done" to help him "deal with some of the emotional stresses that ha[d] stemmed from" the sentencing offense. And the victim, for his part, testified at the sentencing hearing that the sentencing offense had "significantly" impacted his mental health, that he "truly believe[d] that this [incident] ha[d] affected [his] life," and that he was planning on attending counseling as soon as the case was resolved so that he could "have everything laid out" to "hash things out" with a therapist. The victim also testified at trial that he felt "weird" and very confused about why a man of defendant's age wanted a relationship with someone as young as him, and that he was "scared" of defendant's behavior when he mentioned going to college in a different area or breaking off the relationship. See *id*. This testimony was sufficient to show, by a preponderance of the evidence, that the victim suffered "serious psychological injury [that] may require professional treatment." MCL 777.34(2); see also *Haynes*, 338 Mich App at 436; *Armstrong*, 305 Mich App at 247. Accordingly, the trial court did not err in its scoring of OV 4.

## C. OV 10

OV 10 is scored for the "exploitation of a vulnerable victim." MCL 777.40(1). A sentencing court must assess 15 points for OV 10 if it finds that "[p]redatory conduct was involved" in the sentencing offense. MCL 777.40(1)(a). " 'Predatory conduct' means preoffense

conduct directed at a victim . . . for the primary purpose of victimization." MCL 777.40(3)(a). "[T]o find that a defendant engaged in predatory conduct, a trial court must conclude that (1) the defendant engaged in preoffense conduct, (2) the defendant directed that conduct toward one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation, and (3) the defendant's primary purpose in engaging in the preoffense conduct was victimization." *People v Baskerville*, 333 Mich App 276, 296; 963 NW2d 620 (2020) (quotation marks and citation omitted). Preoffense conduct that "created or enhanced" the vulnerability of a victim is predatory. *People v Barnes*, 332 Mich App 494, 503; 957 NW2d 62 (2020) (quotation marks and citation omitted).

Defendant does not dispute that the victim was "vulnerable" given his young age and defendant's position of authority at the victim's school, and he concedes that at least 10 points was warranted for OV 10. See *People v Johnson*, 298 Mich App 128, 133-134; 826 NW2d 170 (2012); see also MCL 777.40(1)(b) and (3)(c)-(d). Rather, defendant only disputes that there was sufficient evidence to support the trial court's finding that he engaged in "predatory conduct," thereby warranting a score of 15 points for OV 10. See MCL 777.40(1)(a) and (3)(a). We disagree, as the record evidence in this case provided ample support for the trial court's finding in this regard.

At trial, the victim testified that his sexual relationship with defendant began very shortly after he transferred to a new high school and joined the track team, where he met defendant, the team's coach, for the first time. According to the victim, he was "very insecure" about his sexual orientation at that time and was "still trying to figure things out" in that regard. The victim also testified that he typically walked to and from school because he lived nearby, but shortly after he joined the track team, defendant began driving him (and him alone) home after practice. During one of those rides home, defendant suggestively touched the victim's thigh and groin and asked him if he needed money. Later that same night, defendant began messaging the victim, asking him to "hang out" at his house outside of track practice and commenting on the victim's apparently visible erection when they had been together. To contact the victim, defendant found and used the phone number that the victim had previously provided for track practice and meet updates when the victim first joined the track team. Defendant and the victim then made plans to "hang out" at defendant's house, and defendant provided the victim with a cover story to tell his mother so that she did not know that the two would be spending time together. Defendant then picked the victim up and drove the victim to his house, where he lived alone. This testimony was sufficient to demonstrate that defendant, prior to engaging in any sexual act with the victim, singled out and targeted the victim and engaged in conduct that "created or enhanced" the victim's vulnerability. *Barnes*, 332 Mich App at 503 (quotation marks and citation omitted). Accordingly, the trial court did not err by finding that defendant engaged in predatory conduct before the sentencing offense occurred and assessing 15 points for OV 10 on that basis. See *id*.; *Carlson*, 332 Mich App at 666.

Affirmed.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Christopher M. Trebilcock